

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-23686-CMA

IRIS NATHANS,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF SERVING VERIFIED ANSWERS TO PLAINTIFF'S INTERROGATORIES

The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, by and through undersigned counsel and pursuant to Rule 33 and other pertinent Rules of Civil Procedure, hereby gives notice of serving its Verified Answers to Plaintiff's General Personal Injury Negligence Interrogatories to Defendant in a Maritime Passenger Case, dated November 20, 2017.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on April 19, 2018, a true and correct copy of the foregoing was sent via e-mail to all counsel on the service list below.

                              /s/ *Juan C. Perez, Jr.*
                              **Juan C. Perez, Jr.**
                              Florida Bar No.: 91581
                              jperez@admiral-law.com
                              HORR, NOVAK & SKIPP, P.A.
                              Two Datran Center, Suite 1700
                              9130 South Dadeland Boulevard
                              Miami, FL 33156
                              Telephone: (305) 670-2525
                              Facsimile: (305) 672-2526
                              ***Attorneys for Defendant, Carnival Cruise Lines***

CASE NO.: 17-CV-23686-CMA
Page 2

## SERVICE LIST

**John H. Hickey**
Florida Bar No. 305081
hickey@hickeylawfirm.com
**Kathleen Phillips**
Florid Bar No. 168149
kphillips@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3501
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
***Attorneys for Plaintiff, Iris Nathans***

**David J. Horr**
Florida Bar No. 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
Horr, Novak & Skipp, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
***Attorneys for Defendant, Carnival Cruise Lines***

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## GENERAL PERSONAL INJURY NEGLIGENCE INTERROGATORIES

1. Describe in detail how the incident described in the Complaint happened, including all actions taken by you, the Defendant, to prevent the incident.

    **ANSWER:** Pursuant to Plaintiff, while a passenger on the Carnival Pride, she allegedly slipped and fell on an area of water that was approximately six feet by four feet in diameter on Deck 9 near the Apollo pool. Defendant does not adopt Plaintiff's version of events.

    CCTV video (which has been produced to Plaintiff), contradicts Plaintiff's version of events.

    Defendant undertakes efforts to exercise reasonable care under the circumstances with respect to all of its passengers. Defendant denies that there was any defect with the subject area, as the subject flooring where Plaintiff's accident occurred is in the immediate vicinity of a pool and is known to become potentially wet from the elements, and passenger traffic from the pool. There was nothing stopping Plaintiff from seeing what she describes as a six feet by four feet in diameter area of water. Regardless, Plaintiff herself cannot be sure that the transitory substance she allegedly slipped on was in fact water. Plaintiff does not know how long the transitory substance was on the floor for, and does not know how it got there.

    If Plaintiff contends that the subject area was dangerous, Plaintiff failed to exercise reasonable care for her own safety by not paying attention to where she was walking while traversing an area in the immediate vicinity of a pool. Plaintiff acknowledged in her deposition being aware that the flooring near pools potentially becomes wet.

    On the date of Plaintiff's incident, there were yellow caution cones on the deck alerting passengers to the fact the area may be wet. In addition, there were Carnival crewmembers on duty on Deck 9 at the time of Plaintiff's accident who were drying the floor pursuant to their procedures and protocols.

    Expert reports will be produced in accordance with the Court's scheduling order further detailing Defendant's position as to how Plaintiff's accident occurred.

> Defendant reserves the right to amend or supplement this response as Defendant's investigation is ongoing and the discovery period is still open.

2. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

> **ANSWER:** **Discovery and investigation are still ongoing. Defendant will provide an amended or supplemental response at a later date.**

3. State the facts upon which you rely for each affirmative defense in your Answer.

> **ANSWER:** **Discovery and investigation are still ongoing. Defendant will provide an amended or supplemental response at a later date.**

4. Do you contend any person or entity other than you, the Defendant, is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

> **ANSWER:** **Defendant denies that it was negligent in any manner. Defendant asserts that Plaintiff failed to exercise reasonable care under the circumstances for her own safety.**

5. List the names, telephone numbers, and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge. If the person you identify in response to this interrogatory is a crewmember in your employ, please identify the crewmember's title, ship assignment and vacations schedule for the next nine (9) months.

> **ANSWER:**
>
> 1) **Iris Nathans**
>    **c/o John Hickey, Esq.**
>    **Hickey Law Firm, P.A.**
>    **1401 Brickell Avenue, Suite 510**
>    **Miami, FL 33131**
>
>    **Would have knowledge regarding the circumstances surrounding her alleged accident, and any medical care received in relation to her alleged accident.**

2) **Robert Cirillo**
c/o John Hickey, Esq.
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131

Would likely have knowledge of the medical care Plaintiff received, whether shipboard or shoreside, in relation to her alleged accident.

3) **Robert Nathans**
270 West 17th Street, Apt. 12D
New York, NY 10011

Would likely have knowledge of the medical care Plaintiff received, whether shipboard or shoreside, in relation to her alleged accident.

4) **Sara Nathans**
270 West 17th Street, Apt. 12D
New York, NY 10011

Is believed to have been present at the time of Plaintiff's alleged accident and would therefore have knowledge of the circumstances surrounding Plaintiff's alleged accident; would likely have knowledge of the medical care Plaintiff received, whether shipboard or shoreside, in relation to her alleged accident.

5) **Krishna Bandaru, M.D.—Ship's Physician**
c/o Carnival Cruise Line

Provided medical care to Plaintiff while on ship.

**Currently off contract.**

6) **Peter Llagas, RN—Ship's Nurse**
c/o Carnival Cruise Line

Provided medical care to Plaintiff while on ship.

**Currently on Carnival Pride. Sign-off date is 5/4/2018.**

7) **Cariza Impey, RN—Fleet Nurse Supervisor**
c/o Carnival Cruise Line

Provided medical care to Plaintiff while on ship.

**Currently off contract.**

8) Putu Heri Santosa—Supervisor Pool and Decks
   c/o Carnival Cruise Line

   Assisted post incident at scene of Plaintiff's alleged accident.

   Currently off contract.

9) Jitender Singh—Security Officer
   c/o Carnival Cruise Line

   Assisted with investigation of Plaintiff's alleged accident.

   Currently on Carnival Liberty. Sign-off date is 6/10/2018.

10) Matilda D Souza—Security Officer
    c/o Carnival Cruise Line

    Assisted with investigation of Plaintiff's alleged accident.

    Currently on Carnival Horizon.

11) Riemar Seruelas—Security Officer
    c/o Carnival Cruise Line

    Assisted with investigation of Plaintiff's alleged accident.

    Currently off contract.

12) Anil A. Misquitia—Chief Security Officer
    c/o Carnival Cruise Line

    Assisted with investigation of Plaintiff's alleged accident.

    Currently on Carnival Fascination. Sign-off date is 5/20/2018.

13) Deepal Gurung—Assistant Chief Security Officer
    c/o Carnival Cruise Line

    Assisted with investigation of Plaintiff's alleged accident.

    Currently on Carnival Freedom. Sign-off date is 6/6/2018.

14) Defendant's expert witnesses to be determined in compliance with Court's Order Scheduling Trial.

15) Any witnesses mentioned in Carnival's Rule 26 disclosures.

> **Discovery and investigation are still ongoing. Carnival reserves the right to amend or supplement this response.**

6. Have you, the Defendant, heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement. If the person you identify in response to this interrogatory is a crewmember in your employ, please identify the crewmember's title, ship assignment and vacations schedule for the next nine (9) months.

    > **ANSWER:** **Carnival is in possession of a ten (10) page accident report which was prepared in anticipation of litigation and is protected by the work product and attorney client privileges. Carnival is also in possession of a one (1) page written statement prepared by Pool and Deck Supervisor Putu Heri Santosa. The statement was prepared in anticipation of litigation and is protected by the work product and attorney client privileges.**
    >
    > **Carnival will provide a privilege log for the aforementioned statements.**
    >
    > **Carnival has produced Plaintiff's shipboard medical records to Plaintiff which may include statements Plaintiff made to medical staff.**
    >
    > **Carnival is unaware of any additional statements at this time.**
    >
    > **Discovery and investigation are still ongoing. Carnival reserves the right to amend or supplement this response.**

7. State the name and address of every person known by you, your agents, or your attorneys who have knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, video recording, CCTV, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

    > **ANSWER:** **Carnival is in possession of nine (9) photographs which were taken as part of the accident investigation and are part of Carnival's accident report. The photographs were taken in anticipation of litigation and are protected by the work product and attorney client privileges.**

> **Carnival will provide a privilege log for the aforementioned photographs.**
>
> **Carnival is also in possession of CCTV video depicting Plaintiff's accident. The CCTV video has been produced to Plaintiff.**

8. Were you, the Defendant, the only one responsible as of the date of the subject incident for the management, maintenance, repair, safety and cleaning of the premises on which the subject incident occurred?
   a. If not, please provide the full name, address, and telephone number of each and every entity or person who had any responsibility for the safety, management, maintenance, repair, and cleaning as of the date of the subject incident, and a description of the scope of responsibility of each such person or entity.

   **ANSWER:** Yes.

9. Provide the full name(s), telephone number(s), current address(es), ship assignment and vacations schedule for the next nine (9) months, and position(s) held as of the date of the incident of all crew and officers who were directly responsible as of the date of the incident for the (a) safety, (b) maintenance, (c) repair, and /or (d) cleaning of the area where the incident occurred. If the person you identify in response to this interrogatory is a crewmember in your employ, please identify the crewmember's title, ship assignment and vacations schedule for the next nine (9) months.

   **ANSWER:** See Request No. 5.

10. Do you, the Defendant, agree that the surface on which the Plaintiff slipped and fell at the time of the subject incident was dangerous, that the Defendant was negligent in creating the dangerous condition or in allowing the dangerous condition to exist in its premises for an unreasonable length of time, and that the dangerous condition caused or contributed to the cause of the subject incident?

    **ANSWER:** **No. Carnival disputes the surface on which Plaintiff allegedly slipped and fell on was dangerous. The flooring surface is slip resistant when dry and when wet. The flooring surface is in the immediate vicinity of a pool, making it possible that the flooring surface may become wet. CCTV video contradicts Plaintiff's version of how she slipped, and further depicts other passengers experiencing no difficulty traversing through the same area. Plaintiff does not know what the transitory substance was, how long it was there for, or how it got there. Carnival disputes that it was negligent in any form and further disputes a dangerous condition existed.**

If not:

    a. Provide the following information on each and every incident in which someone has slipped and fallen on the same type of surface as where the subject incident occurred on the subject vessel at any time within 5 years before the date of the incident in this case and at any time since the incident:

        1. Date of incident;
        2. Full name, address, and telephone number of the person(s) involved in the incident and his/her attorney, if any;
        3. Description of how the incident happened, and what caused the incident;
        4. Description of where the incident occurred;
        5. Description of the injuries, if any, caused by the incident.
        6. If a lawsuit was filed, the full style and case number of the suit.

    b. Provide the following information on each and every incident in which someone has slipped and fallen on the same type of surface on other Carnival cruise ships at any time within 5 years before the date of the incident in this case and at any time since the incident:

        1. Date of incident;
        2. Full name, address, and telephone number of the person(s) involved in the incident and his/her attorney, if any;
        3. Description of how the incident happened, and what caused the incident;
        4. Description of where the incident occurred;
        5. Description of the injuries, if any, caused by the incident.
        6. If a lawsuit was filed, the full style and case number of the suit.

    **ANSWER:** **Carnival will respond pursuant to the parties' agreement regarding the parameters reached during the parties' Rule 7.1 conference and subsequent correspondence. An amended response will be provided.**

11. For each and every Request for Admissions propounded by Plaintiff on the same date as these Interrogatories, which was not admitted or which was denied in part, state:

    a) Description in detail of each and every reason why the Request for Admission was either not admitted or was denied in whole or in part;

    b) Title, date, and description of each and every document which shows, indicates, or refers to any such reason for denial or for the failure to admit; evidences any such reason for denial;

    c) Full name, address, phone number, and title of each and every person who has direct knowledge of the reasons why the request was denied or not admitted and a summary of the knowledge of each such person.

**ANSWER:** Objected to on the basis that this Interrogatory is overbroad in that it can be construed to apply to multiple Requests for Admissions at the same time and therefore the Interrogatory is vague, and confusing; moreover, this Interrogatory violates the limitation on number of Interrogatories permitted by the pertinent Rules inasmuch as this Interrogatory and its three subparts multiplied by the Request for Admissions propounded by the Plaintiff substantially exceed the limit on Interrogatories allowed.

12. In regard to the surface on which the Plaintiff fell, please provide the following information:
    (a) Describe in detail the type of material the surface (as of the date of the subject incident was made out of (for example, marble, granite, wood, glazed ceramic tile, resin, synthetic composition, linoleum tile, etc.);
    (b) Date of original installation of such flooring;
    (c) Whether the Defendant refurbished, coated, painted, or other changes made to the surface of the flooring after installation, and if so, describe in detail what was added and the date(s) it was added; and
    (d) Describe in detail any refurbishing, coating, painting, or other changes made to the floor at any time from the date of this incident through on which these interrogatories answers are served;

    **ANSWER:**
    a. **API/Syntheteak; see API USA Product Specification document which is being included with these interrogatory responses.**
    b. **November 2014.**
    c. **None.**
    d. **None.**

13. Provide the full name and address of the manufacturer, the supplier and the distributor of the and the name and address of the local representative of that manufacturer or distributor with whom the Defendant communicates regarding the installation, maintenance, or problems with the floor surface.

    **ANSWER:**
    **Api USA Inc.**
    **Don Sampson**
    **General Manager**
    **Direct: 856-321-7588**
    **Fax:    856-321-7588**
    **Mobile: 609-504-7859**
    **www.apiusacoatings.com**

14. If any coatings, paint, strips or other products were added to this flooring and present on the day of the incident or added after the day of the incident, provide the type of coating and provide the name of the manufacturer or distributor of such coating and the name, address and phone of the local representative for the manufacturer or distributor.

   **ANSWER:** None.

15. Do you, the Defendant, currently maintain the video(s) from the surveillance cameras for the time, date and location of the subject incident? If not, please provide the following information:
   (a) The location of surveillance cameras in and around the deck 10 on the Carnival *Pride*, where the incident occurred;
   (b) Whether the cameras identified in this interrogatory were in operation at the time of the subject incident;
   (c) Full name, address, email address, telephone number, title, and ship assignment for the person who was responsible for maintaining and preserving the surveillance cameras identified in this interrogatory on the Carnival *Pride* at the time of the subject incident;
   (d) If you the Defendant has not maintained the video of the incident in this case, describe the circumstances under which the Defendant failed to preserve the video tape(s), including the date of the destruction of the evidence.

   **ANSWER:** **CCTV video in Defendant's possession has already been produced.**

16. For each and every Carnival Cruise Line ship, other than the Carnival *Pride*, on which API flooring has been installed, but limited to any outdoor area or open-air area, provide the following:
   a) Name of the ship;
   b) Date on which the flooring was first installed;
   c) Exact name and type of API flooring system; and
   d) Dates on which the flooring has been revised or resurfaced and a description of the upper most surface of the flooring for each resurfacing (for example what flakes, sand, scoring, or other treatment has been made to the surface, if any).

   **ANSWER:** **Information has been requested and will be provided in a supplemental response upon receipt.**

17. For the Carnival *Pride* outdoor or open-air decks on which the API floor system has been installed, provide the following:
   a) Date on which the flooring was first installed;
   b) Exact name and type of API flooring system; and
   c) Dates on which the flooring has been revised or resurfaced and a description of the upper most surface of the flooring for each resurfacing (for example what flakes, sand, scoring, or other treatment has been made to the surface, if any).

**ANSWER:** See response to Request No. 12; see API USA Product Specification document which is being included with these interrogatory responses.

CASE NO.: 17-CV-23686-CMA
Page 13

STATE OF FLORIDA    )
                    ) ss
COUNTY OF Miami-Dade )

BEFORE ME, the undersigned authority, duly authorized administered oaths and take acknowledgments, personally appeared __Monica Petisco__, as __Litigation Representative__ of Carnival Corporation d/b/a Carnival Cruise Line, on behalf of the Corporation, who being by me first duly sworn to state the truth under oath, states that the attached Answer to Interrogatories are true and correct to the best of his/her knowledge and belief, and that he/she has read the Answer to Interrogatories and knows the contents thereof.

BY: 
ITS:

The foregoing instrument was acknowledged before me this __10th__ day of __April__, 2018 by __Monica Petisco__, as __Litigation Representative__ of Carnival Corporation d/b/a Carnival Cruise Line, on behalf of the Corporation, who is __personally known to me__ or who has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC STATE OF FLORIDA
PRINT NAME: __Gelsis M Navarro__

MY COMMISSION EXPIRES:



GELSIS M. NAVARRO
MY COMMISSION # GG 180965
EXPIRES: February 4, 2022
Bonded Thru Notary Public Underwriters