UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23686-CIV-ALTONAGA/Goodman

**IRIS NATHANS**,

    Plaintiff,
v.

**CARNIVAL CORPORATION**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court on Defendant, Carnival Corporation's Motion for Summary Judgment [ECF No. 38], filed July 3, 2018. Plaintiff, Iris Nathans, filed a Response in Opposition [ECF No. 55] on July 24, 2018; to which Plaintiff filed a Reply [ECF No. 67]. The Court has carefully considered the parties' submissions,[1] the record, and applicable law.

### I.  BACKGROUND

This is a maritime negligence action brought by Plaintiff against Defendant alleging Plaintiff sustained injuries when she slipped and fell on the deck of the Carnival Pride. (*See generally* Complaint [ECF No. 1]). On November 30, 2016, Plaintiff was aboard the Carnival Pride when she fell on the floor of the Lido deck near the Apollo pool. (*See* Def.'s UMF ¶¶ 1–2, 4; *see also* Pl.'s DMF ¶ 4). Plaintiff fell and landed in a large area of water — approximately six feet by four feet in diameter. (*See* Def.'s UMF ¶¶ 2, 4; *see also* Deposition of Iris Nathans ("Nathans Deposition") [ECF No. 38-2] 161:1–8).

---

[1] The Court cites to paragraphs in sections of the parties' submissions, including: Defendant's Undisputed Material Facts ("Defendant's UMF") (*see* Mot. 2–8); Plaintiff's Disputed Material Facts ("Plaintiff's DMF") (*see* Resp. 2–7); Plaintiff's Statement of Additional Facts ("Plaintiff's SAF") (*see* Resp. 7–11); and Defendant's Response to Plaintiff's Statement of Material Facts ("Defendant's Response to Plaintiff's SMF") (*see* Reply 1–6).

Prior to the accident, Plaintiff was sitting on a lounge chair on the Lido deck for approximately an hour and a half. (*See* Def.'s UMF ¶¶ 11–12). The Lido deck contains two swimming pools and generally has lounge chairs around the pool. (*See id.* ¶ 3). That day, there were two rows of lounge chairs in the area where Plaintiff was sitting; she was seated facing the pool in the second row of lounge chairs 30 feet away from the pool. (*See id.* ¶¶ 16, 20). While seated, Plaintiff could see "most of" the Lido deck. (Nathans Dep. 178:12). When Plaintiff stood up from her chair, there was nothing in her path or blocking her view as she approached the pool. (*See* Def.'s UMF ¶¶ 18–19 (citing Nathans Dep. 100:16–25, 101:1–8)).

Plaintiff "walk[ed] from [her] lounge chair to the pool to watch [her] grandchildren, and looking straight ahead, [] slipped and fell in a pool of water that was not visible." (Nathans Dep. 115:12–15 (alterations added)). Plaintiff states after she fell in the area of water, she felt her body and the area around her was soaked with water. (*See* Pl.'s SAF ¶ 47). Defendant's Corporate Representative, Monica Petisco, testified Defendant's investigation following Plaintiff's fall found the deck was wet from guests transiting from the pool. (*See* Videotaped Deposition of Corporate Representative Monica Petisco ("Petisco Deposition") [ECF No. 48-1] 61:19–23, 87:9–11).

While Plaintiff testified she did not lose her balance prior to slipping and falling (*see* Nathans Dep. 115:19–116:6), Defendant asserts the CCTV footage from the vessel shows Plaintiff tripped over a lounge chair located on the pool deck prior to falling (*see* Def.'s UMF ¶ 23). Defendant states the CCTV footage shows Plaintiff chose to cut between two lounge chairs right before the accident, causing her to catch her foot on the front left leg of the chair directly to her right. (*See id.* ¶¶ 24–25, 32). Plaintiff states the CCTV footage shows her

bumping into chairs, fully recovering, planting her right foot, swinging her left foot normally to take a step, and then her left foot slipping, resulting in her falling. (*See* Pl.'s DMF ¶¶ 23–25).

Defendant produces a newsletter for those aboard the Carnival Pride called the *Carnival Funtimes* Newsletter [ECF No. 54-2], which contains in fine print a warning that "[o]utdoor decks can become slippery due to humidity and pool water" (Pl.'s SAF ¶ 54 (alteration added) (citing Newsletter)). The CCTV footage captures two "Caution Wet Floor" signs on the Lido deck (*see* Def.'s UMF ¶ 26), which Defendant states were placed in the vicinity of the pool as a precaution (*see id.* ¶ 37; *see also* Def.'s Resp. to Pl.'s SMF ¶ 55). Plaintiff testified there was no cone or warning sign in the area where she fell (*see* Nathans Dep. 157:21–24); even after viewing the CCTV footage, Plaintiff states the signs did not warn those on the deck that there was a hazard at the area of the deck where Plaintiff fell (*see* Pl.'s DMF ¶ 26; *see also* Pl.'s SAF ¶ 55).

## II.   LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Courts must consider

the entire record and not just the evidence singled out by the parties. *See Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1570 (11th Cir. 1987). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

If there are any factual issues, summary judgment must be denied and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981) (footnote call number omitted)). Even when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (alteration added; citation omitted). "If reasonable minds might differ on the inferences arising from undisputed facts, then [c]ourt[s] should deny summary judgment." *Id.* (alterations added; citations omitted). Additionally, courts cannot weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### B. General Maritime Law

"General maritime law governs tort actions between a cruise line and its passengers." *Taiariol v. MSC Crociere, S.A.*, No. 0:15-CV-61131, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989)). Federal maritime law applies when: (1) the tort occurred on navigable waters; (2) the incident has the potential to disrupt maritime commerce; and (3) the general activity giving rise to the incident has a substantial relationship to traditional maritime activity. *See Frasca v. NCL (Bah.), Ltd.*, 654 F. App'x 949, 951 (11th Cir. 2016) (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004)).

"Under maritime law, the owner of a ship in navigable waters owes passengers a 'duty of reasonable care' under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015) (internal quotation marks and citations omitted). To prevail in a maritime negligence claim, a plaintiff must show: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citations omitted).

## III.   ANALYSIS

Plaintiff brings a single negligence count against Defendant, alleging, among other things, a negligent mode of operation existed in Defendant's failure to warn Plaintiff of the deck's slippery condition. (*See generally* Compl.). Defendant seeks summary judgment on the following grounds: (1) the CCTV footage contradicts Plaintiff's testimony and shows the proximate cause of the fall was Plaintiff's fault; (2) Defendant did not have actual or constructive notice of the hazard that caused Plaintiff to fall; and (3) the hazard was open and obvious. (*See* Mot. 8–14, 16–18; Reply 6–10). In the alternative, Defendant argues even if the Court finds the hazard was not open and obvious, Defendant fulfilled its duty to warn. (*See* Mot. 14–16). Plaintiff responds by identifying material questions of fact on each point, arguing summary judgment is inappropriate. (*See* Resp. 11–20). The Court agrees with Plaintiff and lays out the numerous material factual disagreements between the parties below.

### A.  Proximate Cause of the Injury

First, the parties cannot agree on the proximate cause of the injury. Defendant asserts Plaintiff disregarded her own safety by cutting between lounge chairs on the Lido deck, causing her to trip and fall. (*See* Def's UMF ¶¶ 24–25, 32; *see also* Mot. 16–17). Plaintiff explains she

had recovered from bumping into the lounge chairs when she slipped in a puddle of water, causing her to fall. (*See* Pl.'s DMF ¶¶ 23–25, 44). While Defendant claims the CCTV footage contradicts Plaintiff's testimony (*see* Mot. 17), Plaintiff cites to the same CCTV footage as evidence her version of events is correct (*see* Resp. ¶ 98).

Plaintiff states the CCTV footage must be viewed and the events depicted therein weighed by the jury. (*See id.* ¶¶ 98–101). The Court agrees, and does not decide on its own — effectively as the trier of fact — whether Plaintiff fell as a result of cutting between lounge chairs or slipping on a wet deck. *See Cosmo v. Carnival Corp.*, 272 F. Supp. 3d 1336, 1340 (S.D. Fla. 2017) ("[Plaintiff] has presented enough evidence to show that there is a genuine issue of material fact regarding the causal chain that can only be resolved through trial." (alteration added)).

### B. Actual or Constructive Notice

Next, the briefing reveals another factual dispute as to whether Defendant had actual or constructive notice of the puddle on the Lido deck. "In maritime claims against a vessel owner, a plaintiff must show that a ship-owner had 'actual or constructive notice of the risk-creating condition' before negligence liability can be imposed." *Thomas v. NCL (Bah.), Ltd.*, 203 F. Supp. 3d 1189, 1192 (S.D. Fla. 2016) (quoting *Keefe*, 867 F.2d at 1322). Defendant states it is entitled to summary judgment because Plaintiff "proffer[s] no evidence [] Defendant knew there was a puddle of water on the Lido Deck prior to her fall." (Mot. 10 (alterations added)). Plaintiff outlines several theories of actual or constructive notice based on (1) the size of the area of water; (2) Plaintiff's deposition testimony; (3) a warning found in Defendant's Newsletter that the outdoor deck becomes slippery; and (4) other substantially similar incidents. (*See* Resp. ¶¶ 78–86).

In a similar slip and fall case, the Eleventh Circuit held a video played on televisions in passenger cabins warning the deck could become slippery was enough to raise a genuine issue as to whether the defendant had actual or constructive knowledge "that the [surface in question] could be slippery (and therefore dangerous) when wet." *Frasca v. NCL (Bah.) Ltd.*, 654 F. App'x 949, 953 (11th Cir. 2016) (alteration in original; internal quotation marks and footnote call number omitted) (citing *Sorrels*, 796 F.3d at 1288). Here, the warning in the Newsletter states "[o]utdoor decks can become slippery due to humidity and pool water. Please help prevent slip-and-fall accidents by using caution crossing the decks and by drying off after using the pool." (Newsletter 1[2] (alteration added)). Plaintiff points to this language as evidence of Defendant's actual or constructive notice the deck becomes dangerously slippery when wet. (*See* Resp. ¶¶ 83–84 (citing Newsletter)). And while Defendant continues to argue in its Reply that Plaintiff cannot show actual or constructive notice (*see* Reply 7–10), Defendant fails to address Plaintiff's argument regarding the warning language found in the Newsletter (*see generally id.*).

Viewing the evidence in the light most favorable to Plaintiff, the Court finds the warning in the Newsletter creates a genuine issue of material fact as to whether Defendant had actual or constructive notice the Carnival Pride's deck could be dangerously slippery. *See Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (holding courts "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" (internal quotation marks and citation omitted)). Consequently, the Court does not address Plaintiff's numerous other theories of actual or constructive notice.

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

### C. Open and Obvious

There are material questions of fact as to whether the area of water on the Lido deck was an open and obvious hazard — and thus, whether Defendant had a duty to warn Plaintiff. "[U]nder federal maritime law, an operator of a cruise ship has a duty to warn of known dangers that are not open and obvious." *Frasca*, 654 F. App'x at 952 (alteration added; citations omitted). Specifically, courts must answer whether a "reasonable person" would consider a dangerous condition open and obvious. *Id.*; *see also Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1346 (S.D. Fla. 2015) ("[The plaintiff's] subjective observations are irrelevant in determining whether a duty to warn existed." (alteration added; citations omitted)).

According to Defendant, a reasonable person would have perceived "[t]he fact that a pool deck can get wet as people enter and exit a[s] obvious." (Mot. 12 (alterations added)). Defendant relies on a number of cases in which courts held hazards — including a puddle on an outdoor pool deck of a cruise ship — were open and obvious dangers to a reasonable person. (*See id.* 12–14 (collecting cases)). However, each of these cases was decided prior to the Eleventh Circuit's decision to overturn the district court in *Frasca*. *See, e.g.*, *Luther v. Carnival Corp.*, 99 F. Supp. 3d 1368 (S.D. Fla. 2015); *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351 (S.D. Fla. 2013). While Plaintiff relies on *Frasca* in her Response (*see* Resp. ¶¶ 87, 93), Defendant fails to distinguish or address the Eleventh Circuit's holding in *Frasca* in its Reply (*see generally* Reply).

Plaintiff relies on *Frasca* for the proposition "a cruise line defendant cannot be granted summary judgment on an open and obvious basis unless the Court finds [] [undisputed] evidence [] a reasonable person would be able to (1) observe water on the deck of the ship[,] and (2) appreciate the resultant slickness." (Resp. ¶ 87 (alterations added) (citing 654 F. App'x at 952)).

8

Plaintiff further asserts the record evidence is enough to raise a question of material fact regarding whether a reasonable person could even see the water collected on the deck of the ship at the time of Plaintiff's incident. (*See id*. ¶ 88). The Court agrees.

Defendant cites to the CCTV footage as evidence the water would have been visible to a passerby (*see* Mot. 11), as well as the fact Plaintiff was familiar with swimming pools and had taken precautions walking around pools in the past (*see id*. 12; *see also* Nathans Dep. 36:4–9). Plaintiff cites to her own testimony stating she could not see the water because it was clear and blended in with the deck (*see* Resp. ¶ 88 (citing Nathans Dep. 157:25–158:5)), and an expert affidavit calling into question whether the deck was unreasonably slippery when wet (*see id*. (citing Affidavit of Anthony J. Shinsky [ECF No. 52-2] ¶¶ 75–76)).

Given this evidence, a jury may determine the danger of the wet deck was not an open and obvious condition. *See Geyer v. NCL (Bah.) Ltd.*, No. 15-CIV-24410-CMA, 2016 WL 4618758, at *3–4 (S.D. Fla. Aug. 31, 2016) (denying summary judgment based on genuine issue as to whether danger aboard a cruise ship was open and obvious). The Court identifies two disputed issues of fact making it impossible to conclude as a matter of law the wet and slippery deck was an open and obvious hazard: (1) whether a reasonable person would have or should have known to anticipate a wet and slippery deck; and (2) whether the deck was so "unreasonably slippery when wet . . . that a reasonable person would [not] have known . . . [it was] as slippery as it actually was." *Frasca*, 654 F. App'x at 952–53 (alterations added); *see also Thomas*, 203 F. Supp. 3d at 1194 ("The Court finds there are disputed issues of material fact regarding whether a puddle consisting of a clear, gooey, slimy substance on a deck is an open and obvious danger.").

### D. Duty to Warn

Finally, there is a clear dispute between the parties as to whether warning signs were placed in the area where Plaintiff fell. (*Compare* Def.'s UMF ¶ 26, *with* Pl.'s SAF ¶ 55). Defendant contends it satisfied its duty to warn Plaintiff by placing two "Caution Wet Floor" signs in the "immediate area [] where [] Plaintiff slipped." (Mot. 14 (alteration added; internal quotation marks omitted)). Plaintiff insists "the warning cone nearest the pool [was] many feet from where [she] actually slipped and fell." (Resp. ¶ 96 (alterations added)). Plaintiff again cites to *Frasca*, this time for the proposition that a fact-finder must determine whether or not the warning signs were sufficient under the circumstances. (*See id*. ¶ 95 (citing 654 F. App'x at 955)). Again, the Court agrees.

"'Whether adequate efforts were made to communicate a warning to the ultimate user and whether the warning if communicated was adequate are uniformly held questions for the jury.'" *Magazine v. Royal Caribbean Cruises, Ltd*., No. 12-23431-CIV, 2014 WL 1274130, at *4 (S.D. Fla. Mar. 27, 2014) (quoting *Stapleton v. Kawasaki Heavy Indus., Ltd.*, 608 F.2d 571, 573 (5th Cir. 1979)); *see also Frasca*, 654 F. App'x at 954 ("[A] fact-finder will determine whether such warnings were sufficient under the circumstances." (alteration added)). Here, the question of whether the warning cones were sufficiently close to the area where Plaintiff fell to reasonably warn of the danger of the slippery deck is a factual matter for the jury. Accordingly, Plaintiff's negligence count survives summary judgment.[3]

---

[3] Defendant also argues it cannot be found liable for negligent design or negligent maintenance because Plaintiff does not present sufficient evidence (1) Defendant participated in the design of the deck; or (2) Defendant failed to comply with required maintenance of the flooring. (*See* Mot. 18–19; Reply 10). Plaintiff's claim is a one-count action of negligence (*see generally* Compl.), alleging several ways in which Defendant's negligence resulted in Plaintiff's injury (*see generally id*.). Because Plaintiff has presented sufficient evidence of genuine issues for trial, the Court will not parse the various ways in which Defendant is alleged to have failed in its duty of care. *See Galarza v. Carnival Corp*., No. 15-24380-CIV, 2016 WL 7539223, at *2 n.2 (S.D. Fla. Aug. 9, 2016).

CASE NO. 17-23686-CIV-ALTONAGA/Goodman

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment **[ECF No. 38]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of August, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record