UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-23686-CMA/GOODMAN

IRIS NATHANS,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

COMES NOW, the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, by and through its undersigned counsel, and pursuant to the Court's Order Providing Instructions for Jury Trial [DE 75], requests the Court include the following Voir Dire questions to the prospective jurors during voir dire:

1. During the course of this trial, the following will occur: *voir dire*, then panel of jurors selected and sworn, then Plaintiff presents his case, then Defendants present its case, then the plaintiff has an opportunity to present a rebuttal to the Defendant's case, then each side gives a closing argument, then the court instructs the jury as to what the law is, then the jury is allowed to deliberate, elect a foreperson and jointly reach a verdict. Can everybody agree to wait until the end of the case and to hear all of the evidence, before reaching a conclusion?

2. We are all products of our environment, our conditioning; we all have prejudices; but the law requires that we set aside these prejudices, with the exception of our common sense, and decide the case based solely on the facts and the law. Is there anyone who believes they will not be able to do that?

3. Do any of you have any prior cruise experience?
    a. If so, what cruise lines?
    b. When did you go on the cruise?
    c. How long was it?
    d. Where did it go?
    e. What ship were you on?
    f. How would you characterize your experience?
    g. Did you walk through the ship's pool and open deck areas?
    h. Did you make any observations about that experience?

    i. Did you require treatment by the shipboard physician?
    j. What was your experience?

 4. Do any of you know or are you related to anyone employed by a cruise line?
    a. What cruise line?
    b. What relation to you?
    c. What position do they hold?
    d. How long have they worked there?
    e. Have you discussed their employment with the cruise lines with you?

 5. Have any of you undergone surgery before?
    a. If so, what type and what body part?
    b. When did the surgery occur?
    c. Please characterize the status and duration of your recovery.
    d. Has any relative of yours or close friend?
    e. To what degree were you involved in the person's recovery process?

 6. Have any of you or a close family member worked for a cruise line?
    a. If so, which cruise line?
    b. For how long?
    c. Position
    d. Ever observe any accidents or were involved in an accident on board?

 7. Are any of you involved in or employed or volunteer in the health care provider services field?
    a. If so, for how long?
    b. What position?
    c. Describe your duties.
    d. Describe your training.

 8. Have any of you or a close family member ever tripped, slipped or had a fall resulting in an injury that required medical attention?
    a. Nature of incident
    b. Nature of injury
    c. Extent of required medical attention.

 9. Do any of you have training in the field of engineering?
    a. If so, what training?
    b. From what institutions?
    c. Have you practiced in the field of civil engineering or been employed in the field of civil engineering?

 10. Name, Address and Occupation.

 11. Educational Background? Describe.

 12. Marital status.

Case 1:17-cv-23686-CMA   Document 87   Entered on FLSD Docket 09/24/2018   Page 3 of 7

CASE NO.: 17-CV-23686-CMA/GOODMAN
Page 3

13. Prior occupations or businesses for you and spouse.

14. Prior jury experience?
    a. Type of case?
    b. Reach a verdict?
    c. Were you the foreperson?
    d. Understand the different burdens of proof?

15. Do you know any of the attorneys, witnesses, experts or parties?

16. Have any of you or close relatives sailed on board the *Carnival Pride* or any other Carnival ship?

17. Has anyone treated with an orthopedic surgeon? Physical therapy? Satisfactory results? Lasting impressions?

18. Do any of you have any medical knowledge or training? Do you have a close family member or friend with medical knowledge or training?

19. Does anyone believe that merely because a lawsuit is filed that there should be a recovery of damages?

20. Does anyone believe that not all accidents are a result of negligence and that sometimes accidents occur?

21. Does anyone believe that not all medical problems are a result of negligence?

22. Has anyone been injured in an accident? What body part? Who, if anyone, was at fault in causing the accident? Did litigation result?

23. Have you or someone you know ever made a claim or brought a lawsuit for personal injuries?

24. Does anyone have any other experience with the Court system?

25. Is there anyone who would not be able to award zero dollars if the evidence shows that it is appropriate? Likewise, is there anyone who would not award money if it is supported by the evidence?

26. The jury is the judges of the facts. I will instruct you on the law, but as the judges of the facts, you will be called upon to make a judgment call on the facts and use your common sense in doing so. Does anyone believe they will have difficulty in utilizing your common sense to evaluate the direct and circumstantial evidence that will be presented?

27. I will also instruct you that the Plaintiff bears the burden of proof to show if the Defendant is liable. The Plaintiff goes first throughout the trial because Plaintiff must satisfy that burden. Just as if the matter involved two persons, the defendant is "innocent until proven guilty." Is there anyone that believes they will have a hard time holding the Plaintiff to his

HORR, NOVAK & SKIPP, P.A.
TWO DATRAN CENTER, SUITE 1700 – 9130 SOUTH DADELAND BOULEVARD, MIAMI, FL 33156

burden of proof? Does anyone believe that because this case involves a corporation, the corporation should pay money?

28. Understand concept of direct evidence? For example, what a picture shows or what a document says.

29. Understand concept of circumstantial evidence? That is, what common sense tells you how it all fits together or what you can deduce from certain facts. For example, you may see someone with a raincoat indoors and deduce that it is raining outside without looking outside.

30. Are you able to weigh/compare direct evidence vs. circumstantial evidence using your common sense and make a judgment between them when they conflict?

31. Is there anyone who believes they will have a hard time setting any sympathy aside in their determination of the issues?

32. The evidence regarding liability and damages will be presented at the same time, although these are separate determinations. Is there anyone who believes they will have difficulty separating the two?

33. Does everyone promise to evaluate each witness' credibility and consider any interest they may have in testifying?

34. Do any of you have negative feelings about corporations?

35. Will the fact that Carnival is a corporation influence your ability to be fair and impartial and render a decision in this case?

36. Will the fact Carnival is a corporation make you more likely to find in favor of Plaintiff before you have heard all of the evidence?

37. Does anyone feel the current legal system as it applies to accident cases should be changed in any way? If so, how do you think it should be changed and why?

38. Is there anything that was not directly asked about you that you think is important for the lawyers and the Court to know because it may affect your decision in this case?

39. Do any of your or your family members or friends own boats? If so, how long? What type?

40.     Have any of you or your family, friends, acquaintances worked aboard boats?  If so, for whom?  How long?  What type of work?  If applicable, will your experience have any effect upon your ability to sit as a juror in this case?

41.     Do you have familiarity with cruise ships, commercial marine vessels, tug barges, or dredges?  If so, describe details, circumstances, and extent of familiarity.  Have you ever been aboard any vessel, cruise ship, tug boat, barge, or dredge?  If so, describe details, purpose, how long aboard, how long ago was the visit?  Will your experience or familiarity with the shipping industry affect your ability to sit as a juror in this case and fairly weigh the evidence?

42.     Objections: The purpose of objections is to ensure that the jury is given a proper record for its consideration; sometimes side bar conferences will take place and the jury will be asked to retire while the lawyers argue points of law; will you hold this against the lawyers?

Dated: September 24, 2018

  /s/    Juan C. Perez, Jr.
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
***Attorneys for Defendant, Carnival Corporation d/b/a Carnival Cruise Line***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 24, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

   /s/    *Juan C. Perez, Jr.* _____
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
*Attorneys for Defendant, Carnival Corporation d/b/a Carnival Cruise Line*

3318/1370154

## SERVICE LIST

| | |
|---|---|
| **John H. Hickey** | **David J. Horr** |
| Florida Bar No.: 305081 | Florida Bar No.: 310761 |
| hickey@hickeylawfirm.com; | dhorr@admiral-law.com |
| **Christopher B. Smith** | **Juan C. Perez, Jr.** |
| Florida Bar No.: 0121925 | Florida Bar No.: 91581 |
| csmith@hickeylawfirm.com | jperez@admiral-law.com |
| HICKEY LAW FIRM, P.A. | HORR, NOVAK & SKIPP, P.A. |
| 1401 Brickell Avenue, Suite 510 | Two Datran Center, Suite 1700 |
| Miami, FL 33131-3501 | 9130 South Dadeland Boulevard |
| Telephone: (305) 371-8000 | Miami, FL 33156 |
| Facsimile: (305) 371-3542 | Telephone: (305) 670-2525 |
| *Attorneys for Plaintiff, Iris Nathans* | Facsimile: (305) 672-2526 |
| | *Attorneys for Defendant, Carnival Corporation d/b/a Carnival Cruise Line* |